UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Trustees of the Welfare and Pension Funds of Local 464A - Pension Fund,<br><br>Trustees of the Local 464A United Food & Commercial Workers' Union Welfare Service Benefit Fund, and<br><br>Trustees of the New York-New Jersey Amalgamated Pension Plan for ACME Employees,<br><br>*Individually and on Behalf of All Others Similarly Situated,*<br>    Plaintiffs,<br><br> vs.<br><br>Medtronic PLC, Omar Ishrak, Geoffrey S. Martha, Karen L. Parkhill, and Sean Salmon,<br><br>    Defendants. | No. 22-CV-02197 (KMM/JFD)<br><br>**ORDER** |

  This matter is before the Court on Movant Phoenix Insurance Company Ltd. and Phoenix Provident Pension Fund Ltd.'s (collectively, "Phoenix's") Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel. (Dkt. No. 24.) The Motion is unopposed. (Notice of Unopposed Motion, Dkt. No. 41; *see also* Joint Meet and Confer Statement, Dkt. No. 38.) The Court has reviewed Phoenix's motion and supporting documents and finds that it has satisfied the statutory requirements for lead

plaintiff and lead counsel under the Private Securities Litigation Reform Act (PSLRA). 15 U.S.C. § 78u-4(a)(3)(B).

The PSLRA requires the Court to appoint the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members" as the lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). If a member can establish that they have (1) filed the complaint or made a motion to be appointed lead plaintiff, (2) demonstrated that they have the largest financial interest in the case, and (3) otherwise satisfy the requirements of Federal Rule of Civil Procedure 23, there is a rebuttable presumption that the member shall be appointed lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii). The lead plaintiff selects counsel of its choice, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v).

Phoenix has made a prima facie showing that it should be appointed lead plaintiff. Phoenix made a timely motion to be appointed lead plaintiff and no plaintiffs oppose its motion. Its alleged losses exceed 15 million dollars. (Anderson Decl., Ex. C, Dkt. No. 27-3.) Phoenix's claims are typical of the claims of the members of the purported plaintiff class as set out in the complaint. (*Compare* Motion for Appointment as Lead Plaintiff at 2–3; 4–5 *with* Complaint, Dkt. No. 1.) Further, the Court finds that Phoenix will adequately represent the purported plaintiff class. Phoenix is a sophisticated institutional investor, discloses no conflicts between its own interests and those of other purported class members, alleges losses significant enough to motivate it to litigate this case diligently, and proposes the appointment of competent, experienced, securities class action counsel to help it do so.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**;

2. Pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(a)(3)(B), The Phoenix Insurance Company Ltd. and The Phoenix Provident Pension Fund Ltd. are appointed as Lead Plaintiff; and

3. Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), Lead Plaintiff Phoenix's selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel and Zimmerman Reed LLP as local counsel is approved.

4. Phoenix will promptly meet and confer regarding a schedule for the filing of an amended complaint, and a briefing schedule for Defendants' anticipated motion to dismiss. The parties will submit a joint stipulation with a proposed schedule no later than Monday, December 12, 2022. (*See* Dkt. No. 17 ¶ 3.)

Date: November 30, 2022

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge