UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Trustees of the Welfare and Pension Funds of Local 464A - Pension Fund, *Individually and on Behalf of All Others Similarly Situated*, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Medtronic plc, et al.,<br><br>　　　　　Defendants. | No. 22-cv-2197 (KMM/JFD)<br><br>**ORDER** |

On March 28, 2024, the Court granted the Defendants' motion to dismiss the Plaintiffs' Consolidated Amended Complaint in this private securities-fraud case. Dismissal Order, ECF 81. In the Dismissal Order, the Court found, generally, that (1) Plaintiffs' failed to allege actionable misrepresentations and omissions, and (2) Plaintiffs' misrepresentation and scheme claims failed because the allegations did not support a strong inference of scienter. Although the Court found that the Plaintiffs failed to state a claim, the Court did not enter judgment because Plaintiffs made a conditional request for leave to file an amended complaint if the Court disagreed with their position that the Consolidated Amended Complaint was adequate.[1] Accordingly, the Court gave Plaintiffs an opportunity to file motion to amend the Complaint. Dismissal Order at 85–86.

---

[1] *See Plymouth Cnty., Iowa ex rel. Raymond v. MERSCORP, Inc.*, 287 F.R.D. 449, 455 (N.D. Iowa 2012) (describing a suggestion of amendment in a memorandum opposing a motion to dismiss as a "*conditional* request for leave to amend [, which] requests leave to file an amended complaint only if the court *grants* an opposing party's motion to dismiss") (emphasis in original).

On April 29, 2024, Plaintiffs filed their Motion for Leave to File a First Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws. Pls.' Mot. to Am., ECF 82. Plaintiffs attached a clean and redlined version of their proposed First Amended Consolidated Class Action Complaint ("Proposed FACC"). ECF 82-1, 82-2. Defendants opposed the motion on futility grounds, arguing that the Proposed FACC did not cure deficiencies in the Plaintiffs' allegations of scienter and suffered from other defects in pleading. Defs.' Opp'n, ECF 88. Defendants also indicated that, should the Court allow the amendment, they would then file a motion to dismiss that more fully explores the legal inadequacy of the proposed amended complaint. *Id.* at 14 n.6. The Court held a hearing on the motion on June 10, 2024. Mins. of Hr'g, ECF 91. During the hearing, the Court discussed with defense counsel the pragmatics of the Court first conducting a futility analysis and then, in a piecemeal fashion, applying essentially the same standard on a subsequent motion to dismiss. Hr'g Tr. 32–38, ECF 94. Following the hearing, the parties submitted additional materials regarding supplemental authority. ECF 95, 96.

The Court has carefully reviewed all the briefing filed by the parties and the Proposed FACC. That review suggests that Plaintiffs have made important and potentially compelling changes to the pleading designed to address the Court's overarching concerns about insufficient allegations of scienter and inactionable statements. Most critically, as to scienter, the Proposed FACC alleges more clearly how certain Defendants' representations to the marketplace about the progress toward approval of the 780G device could be read to misrepresent the character of their interactions with the FDA and a potential timeline for completion of remediation efforts in response to a Form 483. This level of detail regarding

Defendants' interactions with the FDA and the Form 483's potential connection to approval of the 780G was not included in the version of the complaint the Court addressed in the Dismissal Order. While the Court is not now ultimately deciding that Plaintiffs' allegations would survive a challenge under Rule 12(b)(6), rejection of their Proposed FACC for failure to state a claim is not a foregone conclusion.

Because the Defendants have pledged a more fulsome challenge to the Proposed FACC if amendment is allowed, some of which would cover the same ground raised in their opposition to the motion to amend, *see* Hr'g Tr. 35–36, the Court finds it would be inefficient to issue a decision addressed to Defendants' futility arguments, and then potentially apply the same legal standard on a second motion to dismiss. Such a decision falls within the Court's discretion. *See, e.g.*, *Lau v. Ambani*, No. 16-cv-6288, 2017 WL 7693353, at *2 (E.D. Pa. Aug. 11, 2017) (reasoning that the defendants' futility arguments would "be better addressed in any renewed motions [to dismiss] based on the amended complaint so that all relevant grounds for dismissal may be presented in comprehensive motions, and the Court declines to engage in further analysis at this time"); *see also Chen v. Yellen*, No. 3:20-cv-50458, 2021 WL 5005373, at *2–3 (N.D. Ill. Oct. 28, 2021) (declining to engage in a futility analysis in favor of considering motions to dismiss and collecting cases doing the same).

Therefore, the Court will provisionally grant Plaintiffs' motion to amend, and Plaintiffs are permitted to file their Proposed FACC. After Plaintiffs file the Proposed FACC, Defendants are permitted to file a renewed motion to dismiss that contains all of their challenges to the new pleading, both those already raised in the opposition to the

motion to amend amendment and any arguments Defendants reserved, but did not raise in that opposition.

Consistent with the foregoing, **IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' Motion for Leave to File a First Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws, ECF 82, is provisionally **GRANTED** as stated herein;

2. Within three business days of the date of this Order, Plaintiffs shall file their First Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws in the same form as the Proposed FACC attached as Exhibit A to the motion to amend. ECF 82-1.

3. Within fourteen days of the date of this Order, the parties must meet and confer regarding a proposed briefing schedule for Defendants' renewed motion to dismiss and file a stipulation to that effect. When the parties' file their stipulation, unless the Court deems the parties' proposal unreasonable, the Court will adopt their agreed upon briefing schedule and issue a text order setting forth the same.

4. The Court will not hold a hearing on Defendants' renewed motion to dismiss unless, following review of the parties' memoranda, it determines that additional argument is necessary.

Date: October 18, 2024                    *s/Katherine Menendez*
                                          Katherine Menendez
                                          United States District Judge